ARRIS Intl. PLC v Rovi Corp. (2020 NY Slip Op 03870)





ARRIS Intl. PLC v Rovi Corp.


2020 NY Slip Op 03870


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Friedman, J.P., Renwick, Gische, Mazzarelli, Moulton, JJ.


11803 652724/16

[*1] ARRIS International PLC, et al., Plaintiffs-Respondents,
v
Rovi Corporation, Defendants-Appellants.


Ropes & Gray LLP, New York (C. Thomas Brown of counsel), for appellants.
Kilpatrick Townsend & Stockton LLP, Atlanta, GA (Joshua H. Lee of the bar of the State of Georgia, admitted pro hac vice, of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered October 31, 2019, which granted plaintiffs' motion for partial summary judgment as to liability and denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
The parties entered into a patent license agreement for defendants' software, used in connection with an "Interactive Program Guide" (IPG) for accessing cable television programming and information, which plaintiffs embedded in set-top boxes that they manufactured and sold to third parties. Plaintiffs contend that defendants breached the covenant not to sue and the forum selection clause in the agreement by bringing actions against them in other jurisdictions.
Sections 2.2 and 2.3 of the agreement provided that defendants would seek to negotiate directly with "Excluded Service Providers" and "Third Party Applications," respectively, and would not involve plaintiffs in those discussions or in subsequent enforcement actions so long as plaintiffs did not seek to indemnify Excluded Services Providers or Third Party Applications against claims by defendants. Defendants entered into a license agreement with Comcast, an Excluded Service Provider. Claiming that Comcast continued to use their patents after the agreement expired, they brought two patent infringement actions against Comcast in the United States District Court for the Eastern District of Texas, naming plaintiffs as defendants in those actions.
The motion court correctly concluded that, contrary to defendants' contention, the covenants contained in sections 2.2 and 2.3 do not expressly limit plaintiffs' protection to actions arising from "Authorized IPG[s]," i.e., the IPGs that are the subject of their license agreement with defendants. Sections 2.2 and 2.3 do not contain such limiting language, and the phrase "licenses granted hereunder," on which defendants rely, does not impose such a limitation. Notably, section 2.3 appears to refer to software developed not by defendants but by third parties. Indeed, in view of defendants' express agreement that they would negotiate with Excluded Service Providers and third parties directly and not involve plaintiffs in those negotiations, sections 2.2 and 2.3 may be reasonably read to provide plaintiffs with greater, rather than lesser, protection. Moreover, we note that in the patent enforcement actions, defendants alleged, on information and belief, that plaintiffs were obligated to indemnify Comcast, which suggests that they believed that, absent an indemnification obligation, it was improper to sue plaintiffs in the enforcement actions.
We reject defendants' contention that they did not breach the forum selection clause because the patents that were the subject of the enforcement actions were not covered by plaintiffs' license agreement. We cannot determine from the record whether the patents at issue were covered by the agreement. However, defendants argue that plaintiffs were involved in the enforcement actions because they "manufactured and imported — pursuant to Comcast's [*2]specifications and instructions — hardware that was loaded, including by [plaintiffs], with infringing Comcast software." As plaintiffs' right to use defendants' patented software in their set-top boxes was defined and limited by the license agreement, we conclude that the claims asserted in the enforcement actions "are related to [the] agreement," as required by section 9.4 thereof.
To the extent defendants argue that plaintiffs may not recover damages in the form of counsel fees, we note that the motion court made no determination with regard to damages.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK